UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| FRANK J. WALKER,<br>    *Plaintiff*,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>*Acting Commissioner of the Social*<br>*Security Administration*,<br><br>    *Defendant*. | §<br>§<br>§<br>§<br>§    CIVIL ACTION H-12-2463<br>§<br>§<br>§<br>§<br>§<br>§ |

**MEMORANDUM OPINION & ORDER**

Pending before the court is a motion for summary judgment filed by defendant Carolyn W. Colvin, the Acting Commissioner of the Social Security Administration (the "Commissioner"). Dkt. 7. Also pending is a cross-motion for summary judgment filed by plaintiff Frank J. Walker ("Walker"). Dkt. 11. After considering the motions, responsive briefing, record, and applicable law, the court finds that Walker's motion (Dkt. 11) should be **DENIED**, and the Commissioner's motion (Dkt. 7) should be **GRANTED**. The Commissioner's decision is **AFFIRMED**.

**I. BACKGROUND**

*A.   Procedural History*

In this action, Walker seeks review of the decision of the Commissioner denying his application for disability benefits and disability insurance benefits under Title II of the Social Security Act ("the Act") and his application for supplemental security income under Title XVI. Walker filed his application for benefits on January 17, 2010, alleging that he was disabled due to

a slipped disc in his back and heart problems. Tr. at 43.[1] After a hearing, Administrative Law Judge Susan J. Soddy (the "ALJ") ruled against his claims on February 2, 2011. *Id*. at 43–50. Walker requested a review of the decision, and the Appeals Council denied the request on May 3, 2012, making the ALJ's determination the final decision of the Commissioner under 42 U.S.C. § 405(g). *Id.* at 6. Walker timely filed this timely civil action for judicial review of the Commissioner's decision. Dkt. 1 at 1.

## B.   *Factual History*

Walker is a male in his mid-fifties and has worked in the past as a maintenance person and a forklift operator. Dkt. 11 at 2. His amended onset date was May 27, 2010. *Id.* Walker's medical records document degenerative disc disease and diagnoses of paresthesia of hands and wrists bilaterally, hypertensive retinopathy pingueculae, and depression. Tr. at 45. Walker and Byron Pettingill, a vocational expert, testified at the hearing. *Id.* at 45–48.

After evaluation of the evidence, the ALJ found that Walker had not engaged in any substantial gainful activity since September 12, 2008. *Id.* at 45. She found that Walker's paresthesia, retinopathy, and depression were "not severe" under applicable regulations. *Id.* at 46. Additionally, the ALJ determined Walker's degenerative disc disease of the lumbar spine was a severe impairment since it imposed more than a slight limitation on his ability to perform basic work-related activities. *Id*. at 45. The ALJ, however, concluded that the severity of the impairment failed to meet the requirements of the medical listings in Social Security Regulations Appendix 1, Subpart P,  No. 4. *Id.* at 46.

---

[1] "Tr." refers to the certified administrative transcript filed as Docket Entry No. 5 in the record of this appeal. Dkt. 5.

The ALJ found that the Walker had the "residual functional capacity to perform light work as defined by the Social Security Administration regulations except he can occasionally bend, stoop, squat, kneel, crawl and/or crouch." *Id.* The ALJ further found that Walker cannot work around vibrations, "climb ropes, ladders, or scaffolds, but can occasionally climb stairs and/or ramps." *Id.* Consequently, the ALJ determined Walker was unable to perform any past relevant work. *Id.* at 48.

The ALJ asked the vocational expert the following hypothetical:

> [P]lease assume an individual who is the same age as the claimant, has the same education and work experience. This individual can perform the requirements of light exertion as defined by the social security administration regulations. He can occasionally bend, stoop, squat, kneed, crawl and/or crouch. He cannot climb ropes, ladders or scaffolds, but can occasionally climb stairs and/or ramps. He cannot work around vibrations. Are there any jobs in the national economy that such an individual could perform?

*Id.* at 210. The vocational expert testified that Walker could perform work such as an office cleaner, production worker, and a laundry worker. *Id.* at 210–11. Relying on the vocational expert's testimony, the ALJ found that Walker was "not disabled." *Id.* at 50.

## II. STANDARD OF REVIEW & APPLICABLE LAW

In Social Security disability cases, 42 U.S.C. § 405(g) governs the standard of review. *Waters v. Barnhart,* 276 F.3d 716, 718 (5th Cir. 2002). Appellate review is limited to (1) whether the Commissioner applied the proper legal standards; and (2) whether the Commissioner's decision is supported by substantial evidence. *Estate of Morris v. Shalala,* 207 F.3d 744, 745 (5th Cir. 2000). Substantial evidence is something more than a scintilla but less than a preponderance. *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000). The court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [its] judgment for that of the [Commissioner], even if the evidence preponderates against the [Commissioner's] decision." *Brown v. Apfel*, 192 F.3d 492, 496

(5th Cir. 1999) (internal quotation marks omitted). The Commissioner, not the court, resolves conflicts in the evidence. *Id*. "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court may only overturn the Commissioner's decision if there is "a conspicuous absence of credible choices" or "no contrary medical evidence." *Johnson v. Bowen,* 864 F.2d 340, 343–44 (5th Cir. 1988) (internal quotation marks omitted).

Disability under the Act is defined as "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To determine whether a claimant is disabled, and thus entitled to disability benefits, a five-step analysis is employed. *Carey*, 230 F.3d at 135. The test proceeds as follows:

(1) a claimant who is working, engaging in a substantial gainful activity, will not be found to be disabled no matter what the medical findings are;

(2) a claimant will not be found to be disabled unless he has a "severe impairment";

(3) a claimant whose impairment meets or is equivalent to an impairment listed in Appendix 1 of the regulations will be considered disabled without the need to consider vocational factors;

(4) a claimant who is capable of performing work that he has done in the past must be found "not disabled"; and

(5) if the claimant is unable to perform his previous work as a result of his impairment, then factors such as his age, education, past work experience, and residual functional capacity must be considered to determine whether he can do other work.

*Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994). A finding that a claimant is not disabled at any point in the five-step review is conclusive and terminates the analysis. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). At steps one through four, the burden of proof rests upon the

claimant to show he is disabled. *Carey*, 230 F.3d at 135. At step five the burden shifts to the Commissioner to show that there is other gainful employment the claimant is capable of performing in spite of his existing impairments. *Id*. If the Commissioner meets this burden, the claimant must then prove he cannot in fact perform the alternate work. *Id*.

### III. ANALYSIS

Walker contends that the determination that he is not disabled within the meaning of the Act is not supported by substantial evidence. Dkt. 11 at 1. Specifically, Walker argues that the ALJ did not properly consider all of his impairments which, consequently, made the vocational expert's testimony unreliable. *Id.* at 6. The court reviews the summary-judgment issues below.

#### A. Credibility & the First Hypothetical

In his first point of error, Walker argues that the hypothetical posed to the vocational expert did not incorporate all of his disabilities recognized by the ALJ. Dkt. 11 at 7. He argues because the ALJ relied on testimony elicited by a defective hypothetical, the ALJ's decision was not supported by substantial evidence. *Id.*

A hypothetical question to a vocational expert is deemed defective and in error unless (1) the assumptions reasonably incorporate all of the disabilities recognized by the ALJ, and (2) the claimant is afforded the opportunity to correct deficiencies in the ALJ's question. *Boyd v. Apfel*, 239 F.3d 698, 707–08 (5th Cir. 2001); *Bowling*, 36 F.3d at 437. An ALJ is required to incorporate into a hypothetical question only those limitations "that are supported by evidence and recognized by the ALJ." *Masterson v. Barnhart*, 309 F.3d 267, 273–74 (5th Cir. 2002); *Wick v. Astrue*, No. H-11-0286, 2011 WL 7087109, at *14 (S.D. Tex. Dec. 30, 2011). This is accomplished if the hypothetical incorporates the plaintiff's residual functional capacity ("RFC"). *See White v. Astrue*, 240 F. App'x

632, 634 (5th Cir. 2007) (per curiam) ("Because the VE's testimony, which [plaintiff] did *not* challenge through cross-examination, was elicited by hypothetical questions incorporating the RFC determination, such reliance was proper.") (emphasis in original).

Walker claims that the hypothetical posed is defective because it did not incorporate several of his disabilities. He first argues that the ALJ did not include his problems with upper extremities, back problems, use of a cane,[2] the side effects of his medication, insomnia, and depression. The ALJ did consider these limitations, but she concluded that due to inconsistencies between the written record and Walker's testimony, his testimony was not credible.[3] Tr. at 47–48. Under controlling law, the ALJ is not required to recognize disabilities he or she believes to lack credibility. *Wick,* 2011 WL 7087109, at *14. The ALJ stated that there is "no objective medical evidence to indicate the claimant cannot perform under the . . . residual functional capacity assessment." Tr. at 48. Accordingly, the ALJ concluded that Walker's "subjective complaints are out of proportion to and not supported by objective medical evidence." *Id.*

Walker also claims that the ALJ failed to consider his retinopathy because it may interfere with certain visual activities. However, the ALJ did consider the retinopathy but concluded that it was mild and that Walker's "visual acuity is correctable to 20/20 OU." *Id.* at 46. The ALJ did not commit error in not incorporating this condition into the hypothetical.

---

[2] The ALJ considered Walker's testimony that he cannot stand for longer than five minutes and walk for more than fifty feet at a time, but found it to be not credible. Tr. at 47. Further, the RFC properly incorporated postural limitations related to the use of a cane such as not being able to climb ladders, ropes, or scaffolds. *Id.* at 46.

[3] Moreover, in response to the claims of depression, the ALJ concluded that Walker was not on medication for any psychological based symptoms and evidence supported a finding that these symptoms did not cause any restriction in his activities. *Id.*

In sum, the ALJ considered Walker's testimony, the medical record pertaining to his condition, and expert opinions. The ALJ correctly incorporated all of the disabilities recognized by her into the RFC determination for the hypothetical. *See White v. Astrue*, 240 F. App'x at 634. Plaintiff also failed to challenge the vocational expert's opinion through cross-examination, despite having the opportunity to do so. *Bowling*, 36 F.3d at 436. The hypothetical question was not defective, and the ALJ's reliance upon it was proper.

### B. Any Error Regarding the Nerve Study Was Harmless

In his second point of error, Walker argues that the ALJ erroneously concluded that there were no results from the EMG nerve study and that the paresthesia of his hands did not persist for the statutorily-required time period of twelve months. Dkt. 11 at 7.

The Fifth Circuit has determined that district courts reviewing social security benefit denials must apply a harmless error analysis in evaluating the effects of an ALJ's purported failure to consider certain evidence. *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007) ("Having determined that the ALJ erred in failing to state any reason for her adverse determination at step 3, we must still determine whether this error was harmless."). The *Audler* court further explained that "'[p]rocedural perfection in administrative proceedings is not required' as long as 'the substantial rights of a party have not been affected.'" *Id.* (quoting *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988)). Harmless error exists when it is inconceivable that a different administrative conclusion would have been reached absent the error. *Bornette v. Barnhart*, 466 F. Supp. 2d 811, 816 (E.D. Tex. 2006) (citing *Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir. 2003)).

In his oral testimony, Walker testified that he did not have the results from the EMG study. Tr. at 206. The Appeals Council, however, did consider the EMG results along with the medical

statement from Dr. Amitabh Shukla that Walker has mild carpal tunnel syndrome bilaterally. *Id.* at 7. The Appeals Council found that this information did not provide a basis for changing the ALJ's decision, and the court agrees that any error was harmless. *Id.*

In sum, because the ALJ properly incorporated the recognized impairments into her hypothetical and any failure to recognize plaintiff's carpal tunnel syndrome was harmless to the ALJ's disability evaluation, the court finds no reversible error.

## IV. CONCLUSION

Walker's cross-motion for summary judgment (Dkt. 11) is **DENIED**, and the Commissioner's motion for summary judgment (Dkt. 7) is **GRANTED**. The Commissioner's decision is **AFFIRMED**. The court will enter a separate judgment consistent with this order.

Signed at Houston, Texas on August 20, 2014.

_____
Gray H. Miller
United States District Judge